

U.S. Department of Labor

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601

BRB No. 16-0556 BLA

**NOT-PUBLISHED**

LINDA HUNT )
(Widow of CECAL HUNT) )
)
    Claimant-Respondent )
)
    v. )     JUL 2 6 2017
)
ISLAND CREEK COAL COMPANY ) DATE ISSUED:_____
)
    Employer-Petitioner )
)
DIRECTOR, OFFICE OF WORKERS' )
COMPENSATION PROGRAMS, UNITED )
STATES DEPARTMENT OF LABOR )
)
    Party-in-Interest ) DECISION and ORDER

Appeal of the Decision and Order Awarding Benefits of Steven D. Bell, Administrative Law Judge, United States Department of Labor.

Dennis James Keenan, South Williamson, Kentucky, for claimant.

William S. Mattingly and Elizabeth A. Combs (Jackson Kelly PLLC), Lexington, Kentucky, for employer.

Before: HALL, Chief Administrative Appeals Judge, BOGGS and ROLFE, Administrative Appeals Judges.

HALL, Chief Administrative Appeals Judge:

Employer appeals the Decision and Order Awarding Benefits (2011-BLA-6085) of Administrative Law Judge Steven D. Bell, rendered on a survivor's claim filed on October 6, 2010, pursuant to provisions of the Black Lung Benefits Act, as amended, 30

U.S.C. §§901-944 (2012) (the Act).[1] The administrative law judge noted that the parties stipulated that the miner had at least twenty-three years of coal mine employment and clinical pneumoconiosis arising out of his coal mine employment. The administrative law judge also found that claimant established total disability at 20 C.F.R. §718.204(b)(2) and, therefore, invoked the rebuttable presumption that the miner's death was due to pneumoconiosis at Section 411(c)(4) of the Act, 30 U.S.C. §921(c)(4) (2012).[2] The administrative law judge further found that employer did not rebut the presumption and awarded benefits.

On appeal, employer argues that the administrative law judge erred in finding that employer did not rebut the Section 411(c)(4) presumption. Claimant responds, urging affirmance of the award of benefits. The Director, Office of Workers' Compensation Programs, has not filed a substantive response brief in this appeal.[3]

The Board's scope of review is defined by statute. The administrative law judge's Decision and Order must be affirmed if it is rational, supported by substantial evidence,

---

[1] Claimant is the widow of the miner, who died on March 10, 2010. Director's Exhibit 2. Although the miner filed a claim for federal black lung benefits during his lifetime, there is no evidence that the miner was awarded benefits. Living Miner Director's Exhibit 1. Therefore, Section 422(*l*) of the Act, which provides that a survivor of a miner who was determined to be eligible to receive benefits at the time of his death is automatically entitled to survivor's benefits, is not applicable in this case. 30 U.S.C. §932(*l*) (2012).

[2] Under Section 411(c)(4) of the Act, a miner's death is presumed to be due to pneumoconiosis if he or she had at least fifteen years of underground coal mine employment, or coal mine employment in conditions substantially similar to those in an underground mine, and a totally disabling respiratory or pulmonary impairment. 30 U.S.C. §921(c)(4) (2012), as implemented by 20 C.F.R. §718.305(b). The administrative law judge found that the miner had at least fifteen years of underground employment. Decision and Order at 23.

[3] We affirm, as unchallenged on appeal, the administrative law judge's findings that: the miner had at least fifteen years of underground coal mine employment; the miner was totally disabled pursuant to 20 C.F.R. §718.204(b)(2); the miner had clinical pneumoconiosis arising out of his coal mine employment; and that claimant thus properly invoked the Section 411(c)(4) presumption that the miner's death was due to pneumoconiosis. *See Skrack v. Island Creek Coal Co.*, 6 BLR 1-710, 1-711 (1983).

2

and in accordance with applicable law.[4] 33 U.S.C. §921(b)(3), as incorporated into the Act by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

In order to rebut the presumption of death due to pneumoconiosis under Section 411(c)(4), employer must establish that the miner had neither legal nor clinical pneumoconiosis,[5] or that "no part of the miner's death was caused by pneumoconiosis as defined in [20 C.F.R.] § 718.201." 20 C.F.R. §718.305(d)(2)(ii); *Copley v. Buffalo Mining Co.*, 25 BLR 1-81, 1-89 (2012). The administrative law judge found that employer failed to establish rebuttal by either method.[6]

---

[4] The miner's last coal mine employment occurred in Kentucky. Director's Exhibit 3; Hearing Transcript at 13. Accordingly, the Board will apply the law of the United States Court of Appeals for the Sixth Circuit. *See Shupe v. Director, OWCP*, 12 BLR 1-200, 1-202 (1989) (en banc).

[5] Legal pneumoconiosis is defined as "any chronic lung disease or impairment and its sequelae arising out of coal mine employment." 20 C.F.R. §718.201(a)(2). This definition "includes, but is not limited to, any chronic restrictive or obstructive pulmonary disease arising out of coal mine employment." *Id.* The phrase "arising out of coal mine employment" denotes "any chronic pulmonary disease or respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. §718.201(b). Clinical pneumoconiosis consists of "those diseases recognized by the medical community as pneumoconioses, *i.e.*, the conditions characterized by permanent deposition of substantial amounts of particulate matter in the lungs and the fibrotic reaction of the lung tissue to that deposition caused by dust exposure in coal mine employment." 20 C.F.R. §718.201(a)(1).

[6] We affirm the administrative law judge's finding that employer is unable to rebut the presumed existence of clinical pneumoconiosis at 20 C.F.R. §718.305(d)(2)(i)(B) because the parties stipulated that the miner had clinical pneumoconiosis arising out of his coal mine employment. *See Skrack*, 6 BLR at 1-711; Hearing Transcript at 12. Based on our affirmance of this finding, employer is precluded from establishing rebuttal under the first prong because 20 C.F.R. §718.305(d)(1)(i) requires employer to establish that the miner had neither legal *nor* clinical pneumoconiosis. We address employer's allegations of error regarding the administrative law judge's consideration of rebuttal of the existence of legal pneumoconiosis, however, as the administrative law judge's findings on this issue "provide a framework for the analysis of the credibility of the medical opinions at 20 C.F.R. §718.305(d)(1)(ii), the second rebuttal prong." *See Minich v. Keystone Coal Mining Co.*, 25 BLR 1-149, 1-159 (2015) (Boggs, J., concurring and dissenting).

I.  **Rebuttal of the Presumed Existence of Pneumoconiosis**

Drs. Castle and Jarboe, the only physicians who concluded that the miner did not suffer from legal pneumoconiosis, according to the administrative law judge,[7] diagnosed the miner with chronic obstructive pulmonary disease (COPD) and emphysema unrelated to coal dust exposure. Director's Exhibit 16; Employer's Exhibit 7. The administrative law judge properly placed the burden on employer to rebut the presumed existence of legal pneumoconiosis and, as discussed below, permissibly discredited their opinions. *See Copley*, 25 BLR at 1-89; Decision and Order at 28-31.

Both doctors excluded coal dust as a cause of the miner's obstructive respiratory impairment because the miner exhibited a significant reduction in his FEV1/FVC ratio, which they identified as characteristic of obstruction due solely to smoking. Employer's Exhibits 7, 16. The administrative law judge permissibly found their shared opinion inconsistent with the medical science accepted by the Department of Labor (DOL) in the preamble to the 2001 revised regulations. Decision and Order at 28-30. The United States Court of Appeals for the Sixth Circuit, whose law we are applying in this case, has found that the DOL explicitly recognized that coal mine dust can cause clinically significant obstructive disease, as demonstrated by reductions in the FEV1/FVC ratio, and held that an administrative law judge is entitled to discredit a physician's testimony that is inconsistent with that position.[8] *Central Ohio Coal Co. v. Director, OWCP [Sterling]*, 762 F.3d 483, 491, 25 BLR 2-633, 2-645 (6th Cir. 2014). Consequently we affirm the administrative law judge's conclusion that the opinions of Drs. Castle and Jarboe are not sufficient to rebut the presumed existence of legal pneumoconiosis.[9]

---

[7] Employer has not challenged the administrative law judge's finding that Drs. Castle and Jarboe were the only physicians who concluded that the miner did not suffer from legal pneumoconiosis, arguing instead that the administrative law judge improperly discredited them. Employer's Brief at 9-13.

[8] The court also recognized that if employer challenged the substance of the position of the Department of Labor (DOL), as it understood it to be articulated in the preamble, then the court would need to engage the substance of that scientific dispute. But it could do so "only after [employer] submitted 'the type and quality of medical evidence that would invalidate' the DOL's position in that scientific dispute." *Central Ohio Coal Co. v. Director, OWCP [Sterling]*, 762 F.3d 483, 491, 25 BLR 2-633, 2-645 (6th Cir. 2014), *quoting Midland Coal Co. v. Director, OWCP [Shores]*, 358 F.3d 486, 490, 23 BLR 2-18, 2-26 (7th Cir. 2004).

[9] As we have affirmed the administrative law judge's determination on this basis, we need not address employer's additional assertions concerning the administrative law

We further reject employer's contention that remand is required because the administrative law judge did not consider Dr. Dineen's treatment records in finding that the miner's COPD was legal pneumoconiosis. Contrary to employer's assertion, the administrative law judge specifically considered the records[10] in which Dr. Dineen noted "[m]oderate [COPD] in a former cigarette smoker" and "[c]hronic obstructive airway disease secondary to the [miner's] former habit of cigarette smoking." Director's Exhibit 14 at 8, 39; Decision and Order at 11. Dr. Dineen did not explain, however, whether his statements were intended to mean that there was no contribution from coal dust to the miner's impairment, and, if so, how he was able to exclude such a contribution. *See* Director's Exhibit 14. Moreover, employer argues only that Dr. Dineen's statements support the opinions of Drs. Castle and Jarboe; employer does not attempt to explain how Dr. Dineen's treatment records independently rebut the presumption. Given that we have affirmed the administrative law judge's discrediting of the opinions of Drs. Castle and Jarboe on an independent basis, remand is not required. *See Johnson v. Jeddo-Highland Coal Co.*, 12 BLR 1-53, 1-55 (1988); *Larioni v. Director, OWCP*, 6 BLR 1-1276, 1-278 (1984). Consequently, we affirm the administrative law judge's finding that employer did not rebut the presumed fact that the miner suffered from legal pneumoconiosis at 20 C.F.R. §718.305(d)(2)(i)(A).

## II.   Rebuttal of Death Causation

Employer argues that the administrative law judge erred in finding that it did not establish that pneumoconiosis played no part in the miner's death because, it alleges, he did not rely on any objective evidence to establish death causation and because he improperly discredited the causation opinions of Drs. Castle, Jarboe, Oesterling and Bush. Contrary to employer's contentions, the administrative law judge properly placed the burden on employer to rebut the Section 411(c)(4) presumption by showing that the miner's death was not due to pneumoconiosis, which it failed to do. *See Copley*, 25 BLR at 1-89 (one method of rebuttal, by the party opposing entitlement, is to establish that the miner's death did not arise out of his coal mine employment); Decision and Order at 31-33.

---

judge's weighing of Dr. Jarboe's opinion. *Kozele v. Rochester & Pittsburgh Coal Co.*, 6 BLR 1-378, 1-382 n.4 (1983).

[10] The administrative law judge explained that he considered all of the submitted treatment records and addressed them when they were "relevant to the specific legal issues before [him], or to the extent specifically identified and relied upon by the parties." Decision and Order at 11. The administrative law judge specifically discussed the pulmonary function and blood gas studies Dr. Dineen conducted. *Id.* at 10-11, 25-26.

5

The administrative law judge rationally discounted the opinions of Drs. Castle and Jarboe that the miner's death was not due to pneumoconiosis because the physicians did not diagnose legal pneumoconiosis, contrary to the administrative law judge's finding that employer failed to disprove the existence of the disease. *See Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074, 25 BLR 2-431, 2-452 (6th Cir. 2013); *Island Creek Ky. Mining v. Ramage*, 737 F.3d 1050, 1062, 25 BLR 2-453, 2-473 (6th Cir. 2013); Decision and Order at 31; Director's Exhibit 16; Employer's Exhibits 7, 9-10. Noting that the two processes "are not mutually exclusive," the administrative law judge also permissibly found the physicians' causation opinions "unpersuasive" because they "relied, in large part, on the mere existence of lung cancer to exclude any contribution to the [m]iner's death from his pneumoconiosis." Decision and Order at 31-32; *see Jericol Mining, Inc. v. Napier*, 301 F.3d 703, 713-714, 22 BLR 2-537, 2-553 (6th Cir. 2002) (determining the credibility of medical experts is committed to the discretion of the administrative law judge).

The administrative law judge's determination that the opinions of Drs. Bush and Oesterling[11] are similarly insufficient to establish rebuttal of death causation is also supported by substantial evidence. In weighing their opinions, the administrative law judge stated:

> I note that both pathologists established with persuasive certainty that the Miner's small cell carcinoma was the primary cause of his death. However, both acknowledged the presence of emphysema, which I have found constitutes legal pneumoconiosis, in addition to simple clinical pneumoconiosis. Notably, neither pathologist outlined a specific physiological process which would be caused by small cell carcinoma but exclusive of contribution from the clinical and legal pneumoconiosis

---

[11] Dr. Bush commented, "[t]he role that the highly malignant small cell carcinoma evident in slides from the right lung may have played in causing disability and death is undoubtedly significant, but the diagnosis of metastatic disease is beyond the scope of the limited autopsy and clinical information." Employer's Exhibit 2. Dr. Bush also observed a mild degree of simple coal workers' pneumoconiosis but determined that "[t]he lung disease resulting from dust exposure was too limited in degree and extent to have made any contribution to or to have hastened death." *Id.* Dr. Oesterling concluded that the death certificate identifying "end stage lung cancer" as the cause of death "is an accurate description of the primary process causing this gentleman's demise." Employer's Exhibit 1. Dr. Oesterling also determined that "[c]igarette smoke is known to induce emphysema which this gentleman had prominently, and this would have been the primary cause of any lifetime respiratory distress." *Id.*

> identified. Such a rationale is noticeably absent where, as here, the Miner died a pulmonary death. . . . Stated differently, by operation of the fifteen[-]year presumption, the Miner's legal pneumoconiosis also presumably contributed to his death. Accordingly, the Employer cannot rebut that presumption because [its] medical-opinion evidence of record does not address that point, except to say that the Miner did not suffer from legal pneumoconiosis.

Decision and Order at 33. As the administrative law judge thus permissibly determined, neither physician adequately explained why pneumoconiosis did not contribute in some way to the miner's death. *See Peabody Coal Co. v. Groves*, 277 F.3d 829, 836, 22 BLR 2-320, 2-325-26 (6th Cir. 2002); *Copley*, 25 BLR at 1-89; Decision and Order at 33. Consequently, we affirm the administrative law judge's finding that employer failed to rebut the Section 411(c)(4) presumption at 20 C.F.R. §718.305(d)(2)(ii), and further affirm the award of benefits.[12]

---

[12] We respectfully disagree with our dissenting colleague's view that the administrative law judge's failure to address several general statements by Drs. Oesterling and Bush that the degree of coal mine dust-induced disease evident on autopsy was too limited to have any effect on the miner's death when considering rebuttal of death causation requires remand. Because the second rebuttal prong focuses on the role pneumoconiosis played in causing the miner's death, it was appropriate for the administrative law judge to focus on the diseases the physicians identified as contributing to his death and not to revisit the issue of the miner's coal dust-induced impairment. 20 C.F.R. 718.305(d)(2)(ii); *see Minich v. Keystone Coal Mining Co.*, 25 BLR 1-149, 1-159 (2015) (Boggs, J., concurring and dissenting) (adopting the Director's view that it is employer's burden on rebuttal to show that "no part of the miner's [death] was caused by the compensable disease of *pneumoconiosis*"). The parties stipulated that the miner suffered from clinical pneumoconiosis. The administrative law judge found, and we have affirmed, that the miner also suffered from legal pneumoconiosis in the form of emphysema, which Dr. Bush acknowledged, Employer's Exhibit 2, and which Dr. Oesterling admitted was the "primary cause of any lifetime respiratory distress." Employer's Exhibit 1. In light of these facts, the administrative law judge's determination that the physicians failed to persuasively address *why* clinical and legal pneumoconiosis were too limited to have played any role in the miner's death -- other than to generally identify lung cancer as the primary cause of death -- was well within his discretion. *Jericol Mining, Inc. v. Napier*, 301 F.3d 703, 713-714, 22 BLR 2-537, 2-553 (6th Cir. 2002) (determining the credibility of medical experts is committed to the discretion of the administrative law judge).

7

Accordingly, the administrative law judge's Decision and Order Awarding Benefits is affirmed.

SO ORDERED.

BETTY JEAN HALL, Chief
Administrative Appeals Judge

I concur.

JONATHAN ROLFE
Administrative Appeals Judge

BOGGS, Administrative Appeals Judge, concurring and dissenting:

I concur in the majority's decision to affirm the administrative law judge's discrediting of the opinions of Drs. Castle and Jarboe concerning the existence of legal pneumoconiosis and death causation. However, I respectfully dissent from the majority's holding that the administrative law judge properly determined that the opinions of Drs. Bush and Oesterling are also insufficient to establish rebuttal of death causation.

In evaluating the opinions of Drs. Bush and Oesterling with respect to death causation, the administrative law judge did not consider that both physicians opined that the degree of coal mine dust-induced lung disease evident on autopsy was too limited to have *any* effect on the miner's death. Employer's Exhibits 1, 2. Dr. Bush found that "[c]oal workers' pneumoconiosis or the miner's coal dust exposure did not contribute [to] or hasten the death of [the miner]. The lung disease resulting from [coal] dust exposure

was too limited in degree and extent to have made any contribution to or have hastened the miner's death."[13]  Employer's Exhibit 2.  Dr. Oesterling observed that "[t]he interstitial disease related to coal dust is minimal,"[14] and concluded that the miner's "death is due to the cancer and is unrelated to the relatively modest changes due to coal dust." Employer's Exhibit 1.  As these statements arguably explain how these physicians ruled out a contribution of coal dust to the miner's death, they should have been considered by the administrative law judge in weighing their opinions.  *See Minich v. Keystone Coal Mining Corp.*, 25 BLR 1-149, 1-159 (2015) (Boggs, J., concurring and dissenting); *Hughes v. Clinchfield Coal Co.*, 21 BLR 1-134, 1-139-40 (1999) (en banc); *see also Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 533, 21 BLR 2-323, 2-335 (4th Cir. 1998) (the administrative law judge "has a statutory obligation to consider all of the relevant evidence bearing upon the existence of pneumoconiosis and its contribution to the miner's disability [or death].") (bracket and internal quotation marks omitted); *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 253, 25 BLR 2-779, 2-788 (4th Cir. 2016) (when an administrative law judge has "failed to account for relevant record evidence, deference is not warranted and remand is frequently required."). Consequently, I would vacate the administrative law judge's finding that employer failed to rebut the Section 411(c)(4) presumption at 20 C.F.R. §718.305(d)(2)(ii) and remand for the administrative law judge to consider all relevant portions of the opinions of Drs. Bush and Oesterling.

*Judith S. Boggs*

JUDITH S. BOGGS
Administrative Appeals Judge

---

[13] This observation was made separate from Dr. Bush's observation concerning the existence of coal workers' pneumoconiosis. Employer's Exhibit 2.

[14] I note that the administrative law judge also failed to consider the opinions of Drs. Oesterling and Bush when determining whether the existence of clinical or legal pneumoconiosis was rebutted. This also was error, as the administrative law judge must consider all relevant evidence.  30 U.S.C. §923(b); *see Director, OWCP v. Rowe*, 710 F.2d 251, 255, 5 BLR 2-99, 2-103 (6th Cir. 1983).

9

# CERTIFICATE OF SERVICE

2016-0556-BLA Linda Hunt v. Island Creek Coal Company, Self-Insured through Island Creek Coal Company c/o Wells Fargo Disability Management, Director, Office of Workers' Compensation Programs (Case No. 11-BLA-6085)

I certify that the parties below were served this day.

_07/28/2017_
(DATE)

*Thomas O. Shepherd, Jr.* T.D.
Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Alexander Franklin Smith
Office of Administrative Law Judges
Techworld Plaza
800 K Street NW
Washington, DC 20001
    --Electronic

Dennis James Keenan, Esq.
Hinkle & Keenan, PSC
79 Mall Road
Suite C
South Williamson, KY 41503
    --Certified

Elizabeth A. Combs, Esq.
Jackson Kelly PLLC
175 East Main Street, Suite 500
Lexington, KY 40507
    --Certified

Emily Goldberg-Kraft, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W., N-2119
Washington, DC 20210

Hon. Steven D. Bell
U.S. Department of Labor
Office of Administrative Law Judges
36 E. 7th Street, Suite 2525
Cincinnati, OH 45202

Linda Hunt
P.O. Box 915
Pikeville, KY 41502-0915
    --Certified

Maia Fisher
Associate Solicitor, U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210
    --Electronic

Michael Chance
District Director
U.S. Department of Labor
Suite C-3515, NDOL
Washington, DC 20210

## NOTICE OF APPEAL RIGHTS

A Decision of the Benefits Review Board shall become final sixty (60) days after its issuance unless a written petition for review is filed with the appropriate United States Court of Appeals prior to the expiration of the sixty (60) day period, or unless a timely request for reconsideration is filed with the Board. 33 U.S.C. Section 921; 30 U.S.C. Section 932(a); 20 C.F.R. Sections 802.406, 802.407. Therefore, you are advised that you may SEEK RECONSIDERATION OF, OR APPEAL, a final decision of the Board within the time limits set forth below. THE TIME LIMITS CANNOT BE EXTENDED, AND YOU MUST SUBMIT YOUR REQUEST TO THE PROPER PLACE WITHIN THE TIME PROVIDED.

If you seek RECONSIDERATION by this Board (that is, if you want the Board to reconsider its decision), you must submit to the Board a written Motion for Reconsideration within 30 DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION. Your motion should identify any error you find in the Board's opinion and state the reasons you believe warrant further consideration of your case. If you file a timely motion for reconsideration, you will have sixty (60) days from issuance of the Board's decision on reconsideration to file an appeal with a Court of Appeals, as set forth below.

Alternatively, if you wish to APPEAL to a United States Court of Appeals, you must insure that a petition for review is received by THE APPROPRIATE COURT (NOT THIS BOARD WITHIN SIXTY (60) DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION. The petition for review should contain the case number and the date of the Board's decision. The petition should be sent to the Court of Appeals which covers the state in which the employee's injury occurred. In a black lung claim, any state in which the miner had coal mine employment may be considered the state in which the injury occurred (i.e., for a black lung appeal, you may file in any Court of Appeals covering any state in which you worked as a miner). Listed on the back of this page are the twelve Courts of Appeals and the states they cover. You should identify the court covering the state of injury (including all states of mine employment for black lung claims) and file your petition with that court. If you have question about your case, call the Clerk of the court at the number shown on the bottom of this page. If you appeal directly to the Court of Appeals you may not later get reconsideration by the Board. However, if you seek Board reconsideration you may later appeal the Board's ruling on reconsideration to the Court of Appeals.

IF YOU HAVE ANY QUESTIONS ABOUT THE PROCEDURES TO BE FOLLOWED IN YOUR CASE, CALL THE OFFICE OF THE CLERK OF THE BOARD, (202) 693-6300.

## COURT OF APPEALS

**First Circuit** (Maine, New Hampshire, Rhode Island, Massachusetts, Puerto Rico)
Margaret Carter, Clerk
U.S. Court of Appeals
for the First Circuit
1 Court House Way
Suite 2500
Boston, MA 02210
(617) 748-9057
www.ca1.uscourts.gov

**Second Circuit** (New York, Connecticut, Vermont)
Catherine Ohagan Wolfe, Clerk
U.S. Court of Appeals
for the Second Circuit
40 Foley Square
Room 1702, U.S. Courthouse
New York, NY 10007
(212) 857-8544
www.ca2.uscourts.gov

**Third Circuit** (Pennsylvania, New Jersey, Delaware, Virgin Islands)
Marcia M. Waldron, Clerk
U.S. Court of Appeals
for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
(215) 597-2995
www.ca3.uscourts.gov

**Fourth Circuit** (Maryland, Virginia, West Virginia, North Carolina, South Carolina)
Patricia S. Connor, Clerk
U.S. Court of Appeals
for the Fourth Circuit
1100 East Main Street
Room 501
Richmond, VA 23219-3517
(804) 916-2700
www.ca4.uscourts.gov

**Fifth Circuit** (Louisiana, Texas, Mississippi)
Lyle W. Cayce, Clerk
U.S. Court of Appeals
for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
(504) 810-7700
www.ca5.uscourts.gov

**Sixth Circuit** (Ohio, Kentucky, Tennessee, Michigan)
Leonard Green, Clerk
U.S. Court of Appeals
for the Sixth Circuit
100 East 5th Street, Room 424
Cincinnati, OH 45202
(613) 564-7000
www.ca6.uscourts.gov

**Seventh Circuit** (Wisconsin, Illinois, Indiana)
Gino Agnello, Clerk
U. S. Court of Appeals
for the Seventh Circuit
219 South Dearborn Street
Room 2722
Chicago, IL 60604
(312) 435-5850
www.ca7.uscourts.gov

**Eighth Circuit** (Minnesota, Iowa, Missouri, Arkansas, Nebraska, South Dakota, North Dakota)
Michael Gans, Clerk
U.S. Court of Appeals
for the Eighth Circuit
Thomas F. Eagleton Court House
111 South 10th Street Room 2432.9
St. Louis, MO 63102
(314) 244-2400
www.ca8.uscourts.gov

**Ninth Circuit** (Washington, Oregon, Montana, Idaho, California, Nevada, Arizona, Alaska, Hawaii)
Molly C. Dwyer, Clerk
U.S. Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103
(415) 355-8000
www.ca9.uscourts.gov

**Tenth Circuit** (Wyoming, Utah, Colorado, Kansas, Oklahoma, New Mexico)
Elisabeth A. Shumaker, Clerk
U.S. Court of Appeals
for the Tenth Circuit
1823 Stout Street
Denver, CO 80257
(303) 844-3157
www.ca10.uscourts.gov

**Eleventh Circuit** (Alabama, Georgia, Florida)
John Ley, Clerk
U. S. Court of Appeals
for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303
(404) 335-6100
www.ca11.uscourts.gov

**District of Columbia Circuit** (Washington, D.C.)
Mark J. Langer, Clerk
U.S. Court of Appeals
for the D.C. Circuit
3rd and Constitution Avenue, N.W.
Washington, D.C. 20001
(202) 216-7000
www.cadc.uscourts.gov

June 2011